IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY A. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01065-MJR |
| | ) |
| VERNON CAMPBELL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Kimberly A. West, represented by counsel but seeking leave to proceed *in forma pauperis*, brings this action against Defendant Vernon Campbell, Police Chief of Johnson City, Illinois, for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff alleges that during the course of a traffic stop, search and arrest, Defendant inflicted cruel and unusual punishment, used excessive force, was deliberately indifferent to Plaintiff's serious medical needs, and denied Plaintiff due process. Plaintiff further alleges that Defendant committed battery under state law.

The complaint is divided into three counts:

Count I: Defendant: (a) deprived Plaintiff of her right to be free from cruel and unusual punishment as guaranteed under the Eighth and Fourteenth Amendments; and (b) subjected Plaintiff to physical harm and deprived her of liberty without due process, in violation of the Fourteenth Amendment;

Count II: Defendant was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment[1]; and

---

[1] Count 2 does not specifically cite to the Eighth Amendment, but deliberate indifference is the *mens rea* associated with the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994).

**Count III: Defendant committed battery against Plaintiff, in violation of state law.**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of any portion of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Counts I and II, as drafted, fail to state federal claims upon which relief may be granted, which further deprives the Court of supplemental jurisdiction over Count III, Plaintiff's state law battery claim. *See* 28 U.S.C. § 1367. Although legal theories need not be pleaded under Federal Rule of Civil Procedure 8, because Plaintiff has specifically cited the Eighth and Fourteenth Amendments in Count I and premised Count II upon the mental state required for liability under the Eighth Amendment, she has pleaded herself out of court. The Court cannot merely construe Counts I and II under the correct constitutional principles; dismissal is required.

The recent Seventh Circuit decision *Currie v. Chhabra*, 728 F.3d 626 (7th Cir. 2013), illustrates how the Eighth and Fourteenth Amendments are inapplicable to Plaintiff's situation. *Currie* was premised upon the scheme outlined in *Gerstein v. Pugh,* 420 U.S. 103, 123-125 (1975), for determining which legal standard applies at which procedural milestone. The Court of Appeals for the Seventh Circuit has summarized the *Gerstein* scheme and rationale:

> The Fourth Amendment protects against unreasonable seizures; an arrest is a seizure, and the Fourth Amendment affords persons who are arrested the further, distinct right to a judicial determination of probable cause "as a prerequisite to extended restraint of liberty following arrest." *Gerstein,* [420 U.S. at 114]. The judicial determination of probable cause may be made before the arrest (in the form of an arrest warrant) or promptly after the arrest, at a probable cause hearing (sometimes called a *Gerstein* hearing). But whether the arresting officer opts to obtain a warrant in advance or present a person arrested without a warrant for a prompt after-the-fact *Gerstein* hearing, the Fourth Amendment requires a *judicial* determination of probable cause. *See Haywood v. City of Chi.,* 378 F.3d 714, 717 (7th Cir. 2004) (even though warrantless arrest was "clearly" supported by probable cause, Fourth Amendment required a probable cause hearing before a judicial officer).
>
> * * *
>
> Accordingly, we have held that "the Fourth Amendment governs the period of confinement between arrest without a warrant and the preliminary hearing at which a determination of probable cause is made, while due process regulates the period of confinement after the initial determination of probable cause." *Villanova v. Abrams,* 972 F.2d 792, 797 (7th Cir. 1992); *see also Brokaw v. Mercer County,* 235 F.3d 1000, 1018 n. 14 (7th Cir. 2000) (after a probable cause hearing the Fourth Amendment no longer applies); *Luck v. Rovenstine,* 168 F.3d 323, 326 (7th Cir. 1999) (Fourth Amendment applies before the probable cause hearing and Due Process Clause applies after); *Reed v. City of Chi.,* 77 F.3d 1049, 1052 (7th Cir. 1996) (the "seizure" of an arrestee ends after the probable cause hearing). Our cases thus establish that the protections of the Fourth Amendment apply at arrest and through the *Gerstein* probable cause hearing, due process principles govern a pretrial detainee's conditions of confinement after the judicial determination of probable cause, and the Eighth Amendment applies following conviction.

*Lopez v. City of Chicago*, 464 F.3d 711, 718 -19 (7th Cir. 2006); *see also Williams v. Rodriguez*, 509 F.3d 392, 403 (7th Cir. 2007).

The complaint makes clear that Plaintiff was not stopped based on a warrant, and all of the relevant events occurred prior to a judicial finding of probable cause. Plaintiff was in the position of an arrestee; therefore, the Fourth Amendment covers Plaintiff's claims. Accordingly, the complaint will be dismissed without prejudice and with leave to amend.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS I and II** of the complaint are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Accordingly, **COUNT III** is **DISMISSED** without prejudice because the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367.

**IT IS FURTHER ORDERED** that, on or before **December 4, 2013**, Plaintiff shall file an amended complaint. Any amended complaint will be subject to review under 28 U.S.C. § 1915(e)(2)(B). Failure to file an amended complaint by the prescribed deadline will likely result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

**DATED:** November 4, 2013

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**