**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KIMBERLY A. WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 13-cv-01065-MJR-DGW** |
| | ) | |
| **VERNON CAMPBELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Kimberly A. West, represented by counsel but seeking leave to proceed *in forma pauperis*, brings this action against Defendant Vernon Campbell, Police Chief of Johnson City, Illinois, for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint (Doc. 6) is construed as alleging that, during the course of a traffic stop, search and arrest, Defendant Campbell (who was not in uniform at the time, but was acting under color of state law): (a) intentionally, maliciously and recklessly used excessive force, and (b) was indifferent to Plaintiff's serious medical needs.  Plaintiff further alleges that Defendant committed battery and intentionally inflicted emotion distress upon Plaintiff when he slammed her head into the hood of the squad car and punched her in the face while she was cuffed in the squad car.

The amended complaint is divided into three counts:

**Count I:  Defendant Campbell subjected Plaintiff to physical harm, denied her medical care and deprived her of liberty, all in violation of the Fourth Amendment;**

**Count II:  Defendant Campbell committed battery against Plaintiff, in violation of state law; and**

**Count III: Defendant Campbell intentionally inflicted emotional distress upon Plaintiff, in violation of state law.**

This case is now before the Court for a preliminary review of the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of any portion of the complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Count I states a colorable Fourth Amendment claim, providing supplemental jurisdiction over Counts II and III, Plaintiff's state law claims.  *See* 28 U.S.C. § 1367.  Counts II and III also state colorable claims.  Therefore, all claims may proceed.

**<u>Pauper Status</u>**

Plaintiff moves for leave to proceed *in forma pauperis* (Doc. 3).  The Court finds that Plaintiff, who is unemployed, has no income or other assets to speak of, and is supporting a son, is indigent and unable to pay the filing fee or cost of service of summons and the complaint. For these reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) will be granted.

Although the filling fee is waived and this case may proceed, this case is in a somewhat unusual posture relative the service of process.  Federal Rule of Civil Procedure 4(d) imposes a duty upon a defendant to avoid unnecessary expenses associated with effecting service of process; accordingly, waiver procedures have been prescribed in Rule 4.    Pauper status

entitles Plaintiff to have service effected at government expenses.  However, because Plaintiff is represented by counsel, and neither service forms, a copy of the amended complaint, nor Defendant's address have been provided (*see* Local Rule 3.1(c)(2)), the Court will impose upon Plaintiff's counsel the duty of mailing a waiver form to Defendant.  If personal service is necessary and counsel does not take on that task, Plaintiff may file a motion for service of process pursuant to 28 U.S.C. § 1915(d) and the Court will take over the task of effecting personal service.

## Disposition

IT IS HEREBY ORDERED that **COUNTS I-II** of the amended complaint shall **PROCEED** against **VERNON CAMPBELL**.

IT IS FURTHER ORDERED that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.  The filing fee is waived.

IT IS FURTHER ORDERED that **PLAINTIFF'S COUNSEL** shall request that Defendant waive service pursuant to Federal Rule of Civil Procedure 4(d).  If personal service is required, Plaintiff should move for service at government expense as discussed in this Order.

The Clerk of Court is **DIRECTED** to designate this as a **Track B** case (*see* Local Rule 16.1).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).  If Plaintiff and her counsel have a contingency agreement, a notice should be filed with the Clerk, as directed in Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED:  February 12, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**